SO ORDERED.

Dated: September 8, 2020

Daniel P. Collins, Bankruptcy Judge
_____

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br>**TERESA ANN SODERQUIST,**<br><br>**Debtor.** | Chapter 7 Proceedings<br><br>Case No.: 3:19-bk-08146-DPC<br><br>Adversary No.: 3:19-ap-00376-DPC |
| **IG HOLDINGS, INC.,**<br>**Plaintiff**<br>v.<br>**TERESA ANN SODERQUIST,**<br>**Defendant.** | **ORDER DENYING MOTION FOR DEFAULT JUDGMENT**<br>**[NOT FOR PUBLICATION]** |

Before the Court is IG Holdings, Inc's. ("Plaintiff") Motion for Default Judgment. After hearing oral argument and considering the Post-Hearing Memorandum of Law on Anti-Deficiency Statute ("Anti-Deficiency Memorandum"), this Court finds that A.R.S. § 33-814(G) bars Plaintiff's deficiency claim and, therefore, Plaintiff's § 523[1] dischargeability causes of action must be dismissed.

## I. BACKGROUND

On July 2, 2019, Teresa Ann Soderquist ("Defendant" or "Debtor") filed a chapter 13 bankruptcy petition. Debtor's chapter 13 bankruptcy was later converted to a chapter 7 case. Debtor's counsel filed proof of claim 2-1 for Plaintiff in the amount of $206,273.22 ("Plaintiff's Claim"). On October 18, 2019, this Court entered an Order Granting Motion for Relief from Stay which permitted Plaintiff to "exercise all of its rights

---

[1] Unless otherwise indicated, all section references are to the Bankruptcy Code 11 U.S.C. §§ 101 – 1532.

1

and remedies, including foreclosure, with respect to the" property located at 580 W. Palomino Rd., Chino Valley, Arizona ("Property").

On October 22, 2019, Plaintiff commenced this adversary proceeding, 3:19-ap-00376-DPC ("Adversary Proceeding"). Plaintiff's complaint alleged that on May 8, 2018, Plaintiff loaned Defendant $67,000 that was secured by a deed of trust on the Property. Plaintiff sought determination that Plaintiff's Claim was non-dischargeable under §§ 523(a)(2)(A), 523(a)(2)(B), and 523(a)(6). Plaintiff also sought determination that Defendant's discharge should be denied under §§ 727(a)(4)(A) and 727(a)(5).[2] Plaintiff also sought an award of attorneys' fees, costs and expenses incurred in the Adversary Proceeding. On November 12, 2019, a trustee's sale was held for Plaintiff. The Property was sold to Plaintiff for Plaintiff's credit bid of $120,000, subject to the first lien held by OneAZ Credit Union.

On January 29, 2020, the Clerk's Entry of Default[3] was entered. Plaintiff later filed a Motion for Default Judgment[4] seeking judgment against Defendant in the amount of $218,508.33. On August 3, 2020, this Court held a prove up hearing concerning Plaintiff's Claim which could support its Motion for Default Judgment. Plaintiff demonstrated it was entitled to a default judgment on its § 523 causes of action but this would be a Pyrrhic victory if they have no monetary claims against Defendant. At the August 3 hearing, this Court inquired into the applicability of Arizona's anti-deficiency statute, A.R.S. § 33-814(G). Counsel for Plaintiff acknowledged that the Property is less than two and a half acres and is utilized as a single-family dwelling. On August 17, 2020, Plaintiff filed the Anti-Deficiency Memorandum which also confirmed the "Property is one-acre in size and was intended to be used as a single one-family dwelling…"[5]

Plaintiff argues that Arizona's anti-deficiency statutes do not prohibit the relief sought by Plaintiff because Plaintiff sought and obtained relief from the automatic stay

---

[2] Plaintiff's § 727 causes of action were dismissed on August 24, 2020. DE 34. "DE" references a docket entry in this Adversary Proceeding.
[3] DE 6.
[4] DE 8.
[5] Plaintiff's Anti-Deficiency Memorandum at page 2, lines 20 – 21. DE 27.

2

which was broad enough to encompass the deficiency action, the Property was sold at a trustee's sale after the stay was lifted and after this Adversary Proceeding was initiated and that case law dictates this outcome. Plaintiff further argues that it is entitled to an award of attorneys' fees because the deed of trust provides for such an award and the applicable Arizona statutes do not expressly prohibit such an award.

## II. JURISDICTION

This Court has jurisdiction over this matter under 28 U.S.C. §§ 157(b)(2)(A), (I) and (J).

## III. ISSUE

Whether Arizona's anti-deficiency statutes preclude entry of judgment in favor of Plaintiff.

## IV. ANALYSIS

Arizona has two anti-deficiency statutes, A.R.S. §§ 33-729 and 33-814. The formeronly applies to mortgages and is therefore not applicable in this Adversary Proceeding since Plaintiff's claim was secured by a deed of trust, not a mortgage. A.R.S. § 33-814 relates to an action to recover balances after sale or foreclosure on property secured through a deed of trust.

A.R.S. § 33-814(A) provides, in relevant part:

***Except as provided in subsections F, G and H of this section**, within ninety days after the date of sale of trust property under a trust deed pursuant to § 33-807, an action may be maintained to recover a deficiency judgment against any person directly, indirectly or contingently liable on the contract for which the trust deed was given as security including any guarantor of or surety for the contract and any partner of a trustor or other obligor which is a partnership…(emphasis added)*

A.R.S. § 33-814(G) provides:

If trust property of two and one-half acres or less which is limited to and utilized for either a single one-family or a single two-family dwelling is sold

3

> pursuant to the trustee's power of sale, no action may be maintained to recover any difference between the amount obtained by sale and the amount of the indebtedness and any interest, costs and expenses.

Here, Plaintiff concedes that the Property foreclosed by Plaintiff is less than "two and one-half acres" and is utilized for "a single one-family…dwelling" so A.R.S. § 33-814(G) applies. A.R.S. § 33-814(A) permits recovery of such a deficiency if an action is brought within 90 days, but is expressly limited by the language "[e]xcept as provided in subsections F, G and H of this section." By its express and unambiguous language, A.R.S. § 33-814(G) precludes Plaintiff from recovering any deficiency.

Plaintiff relies on two cases in support of their argument that Arizona anti-deficiency statutes do not preclude the entry of judgment in this Adversary Proceeding. This Court finds that both cases are distinguishable. In *In re Rader*[6] the Ninth Circuit BAP dealt with whether the bankruptcy automatic stay and an order granting relief from the automatic stay prohibited a secured creditor from initiating a deficiency action under A.R.S. § 33-814(A). *Rader* concerned the scope of the bankruptcy court's order lifting the stay. The BAP found the bankruptcy court's stay lift order did not go as far as to lift the stay to allow the creditor to pursue a deficiency action once the creditor's lien was foreclosed. In *Rader*, the BAP never considered the issue of whether A.R.S. § 33-814(G) prohibited an action to recover a deficiency that exists after the creditor's foreclosure sale.

The second case cited by Plaintiff, *In re Wright*[7], is also distinguishable. *Wright* dealt with a debtor who "could be described as a real estate investor" and involved properties that were apparently not subject to A.R.S. § 33-814(G) either because of their size or use. The *Wright* court described the properties owned by debtor as over "240 units of rental housing on 160 separate parcels of real property" and only referenced A.R.S. § 33-814(G) when it wrote "conversion of [one property] from a single-family residence to a five-unit property transformed the nature of the Property to the extent that Arizona's anti-deficiency statute, A.R.S. § 33-814(G), was not applicable."[8]

---

[6] *In re Rader*, 488 B.R. 406 (9th Cir. BAP 2012).
[7] Plaintiff cited to *In re Wright*, 486 B.R. 491 (Bankr. D. Ariz. 2012).
[8] *In re Wright*, 486 B.R. at 507 (Bankr. D. Ariz. 2012).

4

Plaintiff next argues that this Court's order lifting the stay was broad enough to permit Plaintiff to pursue a deficiency "claim" against Defendant. While that is true, under no circumstances did this Court's stay lift order alter the applicability of A.R.S. § 33-814(G). Arizona's deed of trust deficiency statute says what it says and nothing in this Court's stay lift order could or did modify its impact.

Next, Plaintiff suggests that, by filing claim number 2-1 for Plaintiff on September 12, 2019, Defendant implicitly waived the protections otherwise afforded her under A.R.S. § 33-814(G). While it is not clear why Defendant's counsel filed claim number 2-1 for Plaintiff, what is clear is that nothing in that claim suggests Defendant was waiving any rights afforded her under A.R.S. § 33-814(G). That claim was filed before this Court's stay lift order, before Plaintiff commenced this Adversary Proceeding, and before the Plaintiff held its deed of trust sale. By filing claim number 2-1, Defendant simply acknowledged Plaintiff's fully secured claim in the amount of $202,273.22. Waiver is the "intentional relinquishment or abandonment of a known right."[9] Nothing in claim 2-1 suggests that Defendant knew of her rights under A.R.S. § 33-814(G) or that she was voluntarily relinquishing such rights.

Plaintiff argues in footnote 1 of its Anti-Deficiency Memorandum that it is entitled to an offset of $158,962.21 against its $120,000 credit bid at the foreclosure sale because, after the deed of trust sale, it paid that amount to OneAZ Credit Union to satisfy its first lien against the Property. This argument fails, of course, because Plaintiff ignores that its $120,000 credit bid in connection with the foreclosure of its second lien necessarily included the acquisition of the foreclosed Property subject to the OneAZ's first lien. In effect, Plaintiff's $120,000 credit bid recognized the Property was worth at least $120,000 plus the amount of all liens senior to the foreclosing second lien. Plaintiff is not entitled to an offset of its credit bid by virtue of its having subsequently paid off the very debt its credit bid was subject to.

---

[9] *U.S. v. Olano*, 507 U.S. 725, 733 (1993) (internal citations omitted).

5

Finally, Plaintiff argues that, even if Plaintiff's deficiency claim is prohibited by A.R.S. § 33-814(G), it is nevertheless entitled to an award of attorneys' fees because A.R.S. § 33-814(G) pertains to "indebtedness and any interest, costs and expenses" but does not preclude a post-deed of trust sale deficiency for attorneys' fees incurred by Plaintiff. The Court disagrees. First, the note provides for payments to be applied in the following order: "(i) first, to all outstanding fees and expenses owed to [Plaintiff] by [Defendant]; (ii) second, to all outstanding accrued interest on the Note; (iii) third, to the outstanding principal balance on the Note until paid in full."[10] Plaintiff has not indicated that it has chosen to exercise its discretion available under the note to apply payments in an order different from what the note specifies. This Court finds that Plaintiff's credit bid "payments" were first applied to Plaintiff's attorneys' fees. Plaintiff's attorneys' fees were less than Plaintiff's $120,000 credit bid so all Plaintiff's fees have been satisfied. Second, under Defendant's note to Plaintiff, her "indebtedness" to Plaintiff includes principal and interest as well as the costs and fees incurred by Plaintiff in collecting these amounts.[11] For this reason, A.R.S. § 33-814(G) bars collection of all such amounts, including Plaintiff's attorneys' fees. Third, even if the term "indebtedness" set forth in A.R.S. § 33-814(G) does not include a claim for attorneys' fees, this Court finds that the statute's use of the words "costs and expenses" is broad enough to include attorneys' fees incurred or expended in connection with Plaintiff's collection efforts against Defendant. Again, A.R.S. § 33-814(G) bars Plaintiff's claim for attorneys' fees.

## V. CONCLUSION

For the reasons stated herein, the Court denies Plaintiff's Motion for Default Judgment. This Adversary Proceeding is hereby dismissed with prejudice as Plaintiff's Claim 2-1 is barred by A.R.S. § 33-814(G).

**DATED AND SIGNED ABOVE.**

---

[10] *Id*. at paragraph 10.
[11] See the Promissory Note at paragraph 19. The Promissory Note is attached as Exhibit A to proof of claim 2-1.